UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | EP20CV0304 |
| | § | |
| **GREENSKY, INC., a Delaware Corporation** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT GREENSKY, LLC'S, IMPROPERLY NAMED AS GREENSKY, INC.'S, MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

COMES NOW, Defendant GreenSky, LLC (improperly named as "GreenSky, Inc., a Delaware Corporation") (hereinafter "GreenSky"), and files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), and would respectfully show onto the Court as follows:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff Brandon Callier filed suit on December 7, 2020, against GreenSky, Inc., a Delaware Corporation (hereinafter "Defendant"), alleging violations of the Telephone Consumer Protection Act, 47 C.F.R. §64.1200(d), 47 CFR §64.1200(d), and the Texas Business and Commerce Code §305.053, and seeking monetary damages and injunctive relief.

Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The entirety of Plaintiff's causes of actions must be dismissed under Rule 12(b)(6) because Plaintiff presents no factual allegations in his Complaint relevant to those causes of action, instead making generalized and conclusory allegations against Defendant. As such, all of Plaintiff's claims should be dismissed.

## II.	ARGUMENTS AND AUTHORITIES

### A.	The Applicable Legal Standard for Dismissing a Claim under Rule 12(b)(6) Is Well-Established.

This court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  *Savidge v. Fincannon*, 836 F.2d 898, 903 n.14 (5th Cir. 1988).   The relevant question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, "***conclusory allegations*** or legal conclusions masquerading as factual conclusions" will not be sufficient to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (emphasis added).  While all well-pleaded facts are accepted as true and all reasonable inferences are read in favor of the plaintiff, mere conclusory allegations, however, need not be accepted as true because such allegations are not well-pleaded facts. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("[w]e will thus not accept as true conclusory allegations or unwarranted deductions of fact").  Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).  "The threshold for stating a claim may be low, but it is real."  *Id.*  "The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id.*

Applying this standard of review, this Court should dismiss Plaintiff's Complaint because it fails to state facts sufficient to support any sort of claim for relief.

**B.     Plaintiff's Cause of Action Under 47 USC §227(b)(1)(A) of the TCPA Fails Because Plaintiff Fails to Identify Any Conduct in Violation of the TCPA Committed by GreenSky.**

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state any facts sufficient to support a claim for relief under the TCPA.  The TCPA provides in pertinent part that "[i]t shall be unlawful for any person within the United States ... to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice – (iii) to any telephone number assigned . . . to a cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  In Plaintiff's Complaint, Plaintiff brings a cause of action against GreenSky under the TCPA. Complaint, at ¶¶ 1-5, starting on page 9 (alleging violations of the TCPA against "all Defendants," despite there only being one Defendant named in this lawsuit).

GreenSky does not use an automatic telephone dialing system, and Plaintiff does not make any factual allegations to the contrary. Instead, Plaintiff makes conclusory and vague statements such as "[t]his *indicated* the call was made using autodialing technology."  Complaint, at ¶25. Plaintiff's conclusory, yet indecisive, statement confirms that Plaintiff lacks sufficient factual allegations to support his claims.  Plaintiff had the obligation to present well-plead facts concerning his allegation that GreenSky violated the TCPA. Plaintiff, however, has failed to present anything other than conclusory allegations, and has therefore failed to satisfy a necessary element for a TCPA cause of action against GreenSky.

For these reasons, Plaintiff's claim under 47 USC §227(b)(1)(A) of the TCPA against GreenSky must be dismissed.

C. **Plaintiff's Cause of Action Under 47 CFR §64.1200(d) Fails Because He Has Not Asserted Any Facts Related to a Do-Not-Call List or Any Conduct That Would Violate This Statute.**

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state any facts even related to 47 CFR §64.1200(d)(1). This statute provides in pertinent part that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless ... persons or entities making calls for telemarketing purposes much have a written policy, available upon demand, for maintaining a do-not-call list." 47 CFR §64.1200(d)(1).

Plaintiff never even addresses a written policy regarding the maintenance of a do-not-call list in his Complaint. This is the precisely what Rule 12(b)(6) intended to prevent – baseless claims with nothing more than "[t]he foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations..." Complaint, at ¶¶ 1-5, starting on page 10 (alleging violations of the TCPA against "all Defendants," despite there only being one Defendant named in this lawsuit). Despite there being no substantive allegations regarding GreenSky's written policy regarding a do-not-call list, Plaintiff nonetheless seeks not only monetary damages, but also an injunction "until and unless they ... (2) include the name of the individual caller and AFS's name in the solicitations." Complaint, at ¶ 5, page 11. This proves that Plaintiff merely cut and pasted these alleged violations without merit. The Plaintiff failed to present anything other than conclusory accusations, and therefore failed to satisfy any element of cause of action under 47 CFR 64.1200(d) against GreenSky.

For these reasons, Plaintiff's 47 CFR §64.1200(d) claim against GreenSky must be dismissed.

**D.    Plaintiff's Cause of Action Under the Texas Business and Commerce Code Fails Because There Are No Allegations That Would Indicate GreenSky Made Any "Robocalls."**

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state any facts sufficient to support a claim for relief under the Texas Business and Commerce Code § 305.053.  The Tex. Bus. & Com. Code § 305.053 is tied to the TCPA, 47 U.S.C. § 277, in that it allows a person to assert an action for violations of the TCPA.  Here, Plaintiff merely incorporates and realleges the allegations from the previous causes of action.  Complaint, at ¶¶ 1-4, page 11.  He makes the same conclusory allegations that the "Defendants and/or their affiliates or agents" violated the Tex. Bus. & Com. Cod § 305.053, by making "telemarketing robocalls...without his express written consent."  Not once did Plaintiff state that the calls made were telemarketing in nature.  In fact, Plaintiff never even alleges that he ever learned the purpose of these calls.  Plaintiff has presented zero facts sufficient to support a claim of violations of the Tex. Bus. & Com. Code against GreenSky.  Once again, the Plaintiff failed to present anything other than conclusory allegations, and therefore failed to satisfy any element of a Tex. Bus. & Com. Code § 305.053 cause of action against GreenSky.

For these reasons, Plaintiff's Tex. Bus. & Com. Code § 305.053 claim against GreenSky must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant GreenSky respectfully requests that this Honorable Court dismiss Plaintiff's causes of action under the Telephone Consumer Protection Act, 47 C.F.R. §64.1200(d), and the Texas Business and Commerce Code 305.053, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

                    Respectfully submitted,

                    **MACDONALD DEVIN ZIEGLER**
                    **MADDEN KENEFICK & HARRIS, PC**

By:   /s/ *Sean W. Fleming*
        **Sean W. Fleming**
        State Bar No. 24027250
        sfleming@macdonalddevin.com
        **Lauren Lopez**
        Texas Bar No. 24078994
        LLopez@MacdonaldDevin.com

        3800 Renaissance Tower
        1201 Elm Street
        Dallas, Texas 75270-2014
        (214) 744-3300 (Telephone)
        (214) 747-0942 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**
        **GREENSKY, LLC, improperly named as**
        **GREENSKY, INC.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 21st, 2021, a copy of the foregoing pleading was forwarded via e-service to all counsel of record.

*<u>Via e-serve</u>*
*Callier74@gmail.com*
Brandon Callier
Pro Se
6336 Franklin Trail
El Paso, TX  79912
***Attorney for Plaintiff***

                    /s/ *Sean W. Fleming*
                    **Sean W. Fleming**