# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### El PASO DIVISION

|  |  |  |
|---|---|---|
| **BRANDON CALLIER,** | § § § | |
| **Plaintiff,** | § § § | **EP-20-CV-00304** |
| **v.** | § § | |
| **GREENSKY, LLC,** a Delaware Corporation | § § | |
| **Defendant.** | § § | |

## MEET AND CONFER LETTER

Dear Mr. Fleming,

On February 25, 2021, Plaintiff Callier served the following discovery requests on you by email in the above referenced matter in regards to the complaint filed on December 7, 2020 against Greensky, LLC:

I am in receipt of your responses titled "Defendant Greensky LLC's Objections and Answers to Plaintiff's First Set of Interrogatories," and "Defendant Greensky LLC's Objections and Answers to Plaintiff's First Request for Admissions" and "Defendant Greensky LLC's Objections and Answers to Plaintiff's First Request for Production." These responses were provided in bad faith and are a blatant refusing to conduct discovery in good faith.

This letter serves as a good faith attempt to meet and confer to avoid the necessity of a motion to compel and for sanctions.

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

This section addresses your responses to Plaintiff's Request for Admissions.

I believe your answers to the request for admissions were untrue and would be proven out if you engaged in good faith discovery.

### DEFENDANT'S RESPONSES TO PLANITIFF'S FIRST SET OF INTERROGATORIES

This section addresses your responses to Plaintiff's First Set of Interrogatories.

You refused to participate and engage in good faith discovery and dismissed Plaintiff's request by answering every interrogatory with:

> Defendant objects because this request is unduly burdensome and overly broad. Defendant further objects that this request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant is withholding documents because Plaintiff lacks standing and a viable claim upon which relief could be granted. See Spokeo, Inc. v. Robins,136 S. Ct 1540, 1547-48 (2016) (establishing the constitutional standing requirement which restricts standing to only those who have actually suffered an injury-in-fact).

These are not reasonable good faith responses and are a blatant refusal to participate in discovery.

Further, there is a motion to dismiss in front of the Court. The Court, not you, will decide whether Plaintiff has standing and a viable claim. In *Shelton v National Gas and Electric* in dealing with standing in a Telephone Consumer Protection Act (TCPA) case the Court found:

"A.   12(b)(1) Motion to Dismiss for Lack of Standing

'The doctrine of standing incorporates both a constitutional element and a non-constitutional, '"prudential element."' *Joint Stock Soc'y v. UDV N. Am. Inc*., 266 F.ed 164, 174-75 (3d Cir. 2001) (citation omitted). Each of these elements has a separate test, and the plaintiff has the burden of showing that they have standing sufficient to conder subject matter jurisdiction under both tests. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Defendant argues that Plaintiff cannot establish either constitutional or prudential standing. We will address constitutional standing before turning to prudential standing.

A challenge to standing under Rule 12(b)(1) can take two forms: a facial challenge or a factual challenge. When a facial challenge is made, the court is restricted to a review of allegations in the pleadings and any documents referenced therein. *Gould Elecs. Inc. v United States,* 220 F.3d 169, 177 (3d Cir. 2000). When a factual challenge is made, a party challenges the facts alleged in the pleadings by presenting contrary evidence. *Id.* In a factual challenge to standing, '""no presumptive truthfulness attaches to the plaintiff's allegations"' and the court is "" free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."' *Davis*, 824 F.3d at 346 (citation and alterations omitted). Defendant's challenge appears to be factual, given that it primarily criticizes Plaintiff's expressed motives in bringing this action and attaches additional evidence, such as Plaintiff's business webpage and evidence of other lawsuits. Therefore, we will consider all the evidence in the record to assess Defendant's constitutional and prudential challenges to Plaintiff's standing.

1.   Constitutional Standing

A plaintiff must demonstrate the constitutional standing by showing: '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by favorable

decision.' *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016) (citation and internal quotation marks omitted). Defendant only challenges the injury-in-fact prong of this test. To establish an injury-in-fact, Plaintiff must show that he has suffered 'an invasion of a legally protected interest'" that is both '" actual or imminent, not conjectural or hypothetical'" and "'concrete and particularized.'" *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). The Third Circuit Court of Appeals held that '"the actual or threatened injury required by Art[icle] III may exist *solely by virtue of statutes creating legal rights*, the invasion of which creates standing.'" *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F. (3d. Cir. 2017) (citation and internal quotation marks omitted) (emphasis in original). A concrete injury has been pled when on sues under a statute alleging "the very injury [the statute] is intended to prevent.'" *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (citation and internal quotation marks omitted).

Plaintiff has sufficiently alleged an injury-in-fact. When enacting the TCPA, Congress stated that it was motivated by "outrage [] over the proliferation of intrusive, nuisance calls to their homes from telemarketers" to "[b]an[] such automated or prerecorded telephone calls to the home." TCPA, Pub. Law No. 102-243, § 2(6), (12), 105 Stat. 2394 (1991). Plaintiff has alleged that he received automated telemarketing call from Defendant that was a nuisance and was annoying and harassing. This is the very injury the statute was intended to prevent. See Susinno, 862 F.3d at 351-52 ("[I]n asserting, 'nuisance and invasion of privacy' resulting from a single prerecorded telephone call, [plaintiff's] complaint asserts 'the very harm that Congress sought to prevent,' arising from prototypical conduct as proscribed by the TCPA."); *Abramson v. CWS Apt. Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at *6 (W.D. Pa. Oct. 24, 2016) (finding that plaintiff adequately alleged injury-in-fact under TCPA because he received automated calls in violation of TCPA).

*Shelton v. National Gas and Electric* the Court ruled standing may exist solely by asserting the statute and the very injury the statute intended to prevent. As such, I have standing. While you may disagree, up and until the Court rules on the pending motion to dismiss you are bound to engage in good faith discovery. Your current posture, and complete and utter disregard for my right to discovery is unacceptable.

## DEFENDANT'S RESPONSES TO PLANITIFF'S FIRST REQUEST FOR PRODUCTION

This section addresses your responses to Plaintiff's First Request for Production.

You refused to participate and engage in good faith discovery and dismissed Plaintiff's request by answering every interrogatory with:

Defendant objects because this request is unduly burdensome and overly broad. Defendant further objects that this request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally,

Defendant is withholding documents because Plaintiff lacks standing and a viable claim upon which relief could be granted. See *Spokeo, Inc. v. Robins*,136 S. Ct 1540, 1547-48 (2016) (establishing the constitutional standing requirement which restricts standing to only those who have actually suffered an injury-in-fact).

These are not reasonable good faith responses and are a blatant refusal to participate in discovery.

*Shelton v. National Gas and Electric* the Court ruled standing may exist solely by asserting the statute and the very injury the statute intended to prevent. As such, I have standing. While you may disagree, up and until the Court rules on the pending motion to dismiss you are bound to engage in good faith discovery. Your current posture, and complete and utter disregard for my right to discovery is unacceptable.

## CONCLUSSION

I want a Meet and Confer conference no later than Friday, April 2, 2021 at 1500 MST. If you do not grant my request, I will be filing a motion to compel and a motion for sanctions with the Court Monday, April 5, 2021.

Thank you,

*Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
915-383-4604