UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   EP-20-CV-00304-KC |
| | § |
| GREENSKY, INC, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant GreenSky, Inc's ("Defendant"[1]) "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Motion") (ECF No. 4), filed January 21, 2021, Plaintiff Brandon Callier's ("Plaintiff") "Response to Defendant GreenSky, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6) [sic]" ("Response") (ECF No. 10), filed February 1, 2021, and Defendant's "Supplement to its Motion to Dismiss Under Fed. R. Civ. P. 12(B)(6) [sic]" ("Supplement") (ECF No. 19), filed March 30, 2021. After careful consideration, the Court will deny in part and grant in part Defendant's Motion for the reasons herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Background**

This case arises from a series of automated calls that Defendant allegedly made to Plaintiff's cell phone. *See generally* Pl.'s Original Compl., ECF No. 1, Dec. 7, 2020. Plaintiff contends these calls violated the Telephone Consumer Protection act of 1991 ("TCPA"), 47 U.S.C. § 227. *Id.* at 9.

---

[1] Defendant contends it is improperly named as GreenSky, Inc. and that its actual name is GreenSky, LLC. Mot. 1. As the pleadings refer to Defendant as GreenSky, Inc., the Court will do the same.

At 1:07 p.m. on November 21, 2020, Plaintiff received the first of several unwanted calls from Defendant. *Id.* at 5 ¶ 22. Plaintiff received a call on his cell phone. *Id.* The call came from (915) 975-1004. *Id.* Caller ID indicated "GreenSkyProgram" placed the call. *Id.*

Like those to come, this call followed a familiar script: When Plaintiff answered the call and said hello, he was met with silence for approximately twenty seconds before the call was disconnected. *Id.* at 5 ¶¶ 24–25. At 2:28 p.m., roughly an hour after receiving the first call, Plaintiff received another call from (915) 975-1004. *Id.* at 5 ¶ 26.

At 5:41 p.m. on November 23, 2020, Plaintiff received a call on his cell phone from phone number (915) 975-0164. *Id.* at 5 ¶ 27. Caller ID indicated this call was made by "GreenSkyProgram." *Id.* at 5 ¶ 28. Plaintiff answered the call, was met with approximately ten seconds of silence, and was connected to a live agent who asked to speak to "Armando." *Id.* at 5 ¶¶ 29–30. Plaintiff informed the agent that he had the wrong number and asked him to remove Plaintiff's number from Defendant's call list. *Id.* at 6 ¶ 31. After this interaction, Plaintiff called back (915) 975-0164 and was informed that "GreenSky, Inc." had made the prior call. *Id.* at 6 ¶ 32.

At 9:36 a.m. on November 25, 2020, Plaintiff received his fourth call. The call came from phone number (915) 975-1034, and the caller ID indicated "GreenSkyProgram" made the call. *Id.* at 6 ¶ 33. Again, Plaintiff was met with several seconds of silence before he was connected to an agent. *Id.* at 6 ¶ 34. Again, the live agent asked to speak with someone by the name of "Armando." *Id.* at 6 ¶ 35. Again, Plaintiff informed the agent that he had the wrong number and asked Defendant to remove his number from their call list. *Id.* at 6 ¶ 36.

**B.      Procedural Background**

On December 7, 2020, Plaintiff filed the instant action.  He contends that Defendant violated the TCPA, rules promulgated by the Federal Communication Commission ("FCC"), and Texas law.  *See* Original Compl. 9–11.  Specifically, Plaintiff contends that Defendant violated § 227(b)(1)(A) by using an automatic telephone dialing system to make unwanted calls to his cell phone.  *Id.* at 9 ¶¶ 1–5.  Relatedly, Plaintiff contends Defendant violated the FCC's rule that requires the existence and use of a do-not-call list.  *Id.* at 10 ¶¶ 1–5.  Plaintiff contends that this conduct also violates § 305.053 of the Texas Business and Commerce Code, which codifies the TCPA as state law.  *Id.* at 11 ¶¶ 1–4.

On January 21, 2021, Defendant filed its Motion to Dismiss.  Plaintiff responded on February 1, 2021.  Thereafter, on March 30, 2021, Defendant filed its Supplement.

### C. Legal Arguments

In its Motion to Dismiss, Defendant requests that the Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Defendant argues that dismissal is warranted because Plaintiff's account does not reasonably suggest that Defendant uses an automatic telephone dialing system, which is necessary to trigger liability under § 227(b).  Mot. to Dismiss 3; Suppl. 3.  Additionally, Defendant argues that Plaintiff's Original Complaint does include enough factual content to support his claims.  Finally, Defendant contends the Court lacks subject-matter jurisdiction over this action because he has not demonstrated that he has standing to bring claims under the TCPA.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize dismissal of an action that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Upon a motion brought pursuant to Rule 12(b)(6), a district court must determine whether the plaintiff's pleadings

3

provide "a short and plain statement of the claim that that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (reasoning that a 12(b)(6) motion challenges the sufficiency of a plaintiff's pleadings).

Dismissal pursuant to 12(b)(6) may be warranted "on the basis of a dispositive issue of law." *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Additionally, dismissal pursuant to 12(b)(6) is warranted if the plaintiff fails to allege "enough facts to state a claim that is plausible on its face." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570).

A claim is facially plausible when the complaint includes sufficient factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In contrast, a claim lacks facial plausibility when the plaintiff offers "a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, or facts that are "merely consistent with" a defendant's liability, *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

In this posture, a district court must accept a plaintiff's allegations as true and indulge all reasonable inferences in their favor. *Gonzalez,* 577 F.3d at 603. However, the court may not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold*, 979 F.3d at 262 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). "'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Covington*, 812 F. App'x at 223 (quoting *Iqbal*, 556 U.S. at 678).

As Plaintiff is *pro se*, the Court holds his Original Complaint "to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Nevertheless, even *pro se* litigants must set forth "direct allegations onevery material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these materials points will be introduced at trial." *Govea v. BATFE*, 207 F. App'x 369, 372 (5th Cir. 2006) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

### III.   ANALYSIS
#### A.   Subject Matter Jurisdiction

Defendant argues that the Court must dismiss Plaintiff's Original Complaint for lack of subject-matter jurisdiction.

As a court of limited jurisdiction, the Court lacks authority to adjudicate claims absent a grant of congressional authority. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). As relevant here, Congress has authorized federal courts to adjudicate claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1331 vests federal courts with jurisdictional over claims arising from federal statutes, including the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As subject-matter jurisdiction is required by Article III of the Constitution, federal courts have a duty to assure that it possesses subject-matter jurisdiction. *Id.*

Defendant does not deny that TCPA claims fall within § 1331's jurisdictional grant. Nor could they. The Supreme Court has expressly confirmed that federal courts are authorized to adjudicate private suits arising from the TCPA. *Mims*, 565 U.S. at 372.

Instead, Defendant's jurisdictional attack is more limited. It claims that the Court lacks jurisdiction over *this* action because Plaintiff has not suffered an injury and thus lacks standing.

5

Specifically, Defendant argues that Plaintiff has multiple cell phones because he wants to receive robocalls in order to file multiple TCPA and turn a profit from litigation. Supplement 6.

Article III provides that the judicial power of federal courts "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting Art. III, § 2). At a minimum, the Constitution requires three elements for a litigant to have standing. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021). The Plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Id.* At the pleading stage, the plaintiff bears the burden of establishing these elements. *Spokeo*, 136 S. Ct. at 1547.

The injury-in-fact requirement is an essential component of standing under Article III. *Id.* It ensures "that federal courts do not exceed their authority" by intruding upon executive or legislative powers. *Id.* To satisfy this requirement, a plaintiff must show that they "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). At the pleading stage, "a TCPA plaintiff who alleges a defendant placed multiple harassing calls that would annoy or harass a reasonable person has sufficiently [pleaded] an injury-in-fact." *Cunningham v. Britereal Mgmt.*, No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, at *6 (E.D. Tex. Nov. 20, 2020) (internal quotations omitted).

Here, Plaintiff has alleged an injury-in-fact. In particular, he alleged that Defendant made at least five unwanted calls to his cellphone. *See* Original Compl. 5 ¶¶ 22–42. He alleged that these calls were made without his consent and for a non-emergency purpose, resulting in a nuisance, invasion of privacy, intrusion into his seclusion, reduced storage space, battery life and data, and loss of time. *Id.* at 7 ¶¶ 52–56. He also claims that he experienced anger, frustration,

and reduced enjoyment of his cell phone. *Id.* These allegations, which the Court assumes to be true, amount to multiple unwanted calls that would annoy and harass a reasonable person. Based on these allegations, Plaintiff has sufficiently alleged an injury-in-fact. *See Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 999 (11th Cir. 2020) (reasoning that "the receipt of unwanted phone calls is a concrete injury" under the TCPA).

Defendant resists this conclusion. It claims Plaintiff has not suffered an "injury-in-fact" because he has multiple cell phones for the sole purpose of receiving unwanted calls for the express purpose of filing TCPA actions. Suppl. 6. For support, Defendant cites *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp 3d 782, 802 (W.D. Pa. 2016), a case from the U.S. District Court for the Western District of Pennsylvania. There, the court held that a plaintiff who invites unwanted calls for the sole purpose of filing TCPA claims lacks standing under Article III. *See id.* ("Because Plaintiff has admitted that her only purpose in purchasing cell phones and minutes is to receive more calls, thus neabline her to file TCPA lawsuits, she has not suffered an economic injury.").

The Court is not bound by this decision and does not find this holding applicable to the current case. Moreover, *Stoops* is readily distinguishable.

There, the court granted summary judgment in favor of the defendant based on the plaintiff's testimony that she purchased over forty cell phones that she did not use for any reason except to gin up TCPA claims. *Id.* Finding that the plaintiff lacked standing to sue, the court held she had not suffered an injury-in-fact because she had "collected[] a shoebox full of cell phones" that she did not use for any purpose except to "fish for accidental wrong number calls." *Id.* at 796. Accordingly, the court held that a plaintiff that invited automated calls on phones had not suffered an invasion of privacy and, therefore, had not suffered an injury-in-fact. *Id.*

In contrast, Plaintiff received calls to his "personal cell phone that he uses for personal, family, and household use." Original Compl. 8 ¶ 8. Plaintiff states he relies on his cell phone to communicate with friends and family, navigate, send and receive emails." *Id.* As Plaintiff alleges that he uses his cell phone for personal uses, it is reasonable to infer that he a privacy interest in being immune from unwanted cals. *Cf. id.* at 802.

Moreover, *Stoops* was decided at the summary judgment stage, where the plaintiff had the burden to prove there is a genuine dispute of material fact. *Id.* at 289. It is well settled that on a motion to dismiss, as here, the Court must credit Plaintiff's factual account.[2] Plaintiff has alleged he uses his cell phones for personal use; he has pleaded enough facts to show he has suffered a concrete and particularized injury traceable to Defendant's conduct. *See Stoops,* 197 F. Supp 3d at 979 (collecting cases holding that "a plaintiff demonstrates a violation of privacy interests, and therefore an injury-in-fact, after receiving automated calls").

### B.   TCPA Violation

Next, the Court considers Plaintiff's claim that Defendant violated § 227(b)(1)(A) of the TCPA by making "non-emergency telemarketing robocalls to [his] cellular telephone number without his prior express written consent." Original Compl. 9 ¶ 2. Defendant argues Plaintiff has offered nothing more than "conclusory and vague statements" to support this claim.

---

[2] Defendant emphasizes that Plaintiff has filed three actions under the TCPA in the Western District of Texas with different cell phone numbers. Suppl. 6. The Court acknowledges these actions. Nevertheless, the Court is required to accept Plaintiff's factual allegations as true. Plaintiff has adequately alleged that he uses (915) 383-4604 for personal reasons, which is what is required at the pleading stage. If Defendant wishes to attack Plaintiff's allegation that (915) 383-4604 is a cell phone used for personal reasons, such an attack is appropriate at the summary judgment stage. *Cunningham v. Britereal Mgmt.*, No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, at *8, *adopted by* No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 235956, at *1 (E.D. Tex. Dec. 16, 2020) (holding that *Stoops* did not countenance dismissal at the pleading stage, which would be "premature, particularly when the complaint lacks factual allegations affirmatively showing the plaintiff is a serial [TCPA] plaintiff.")

Section 227(b)(1)(A) of the TCPA prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" absent "prior express consent of the called party." The TCPA provides a private right of action for aggrieved individuals. 47 U.S.C. § 227(b)(3). "A plaintiff may recover their 'actual monetary loss' or $500 for each violation, 'whichever is greater,' and the statute authorizes treble damages 'if the defendant willfully or knowingly violated' the Act." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (quoting *id.*).

A TCPA claim requires that the defendant have used "an automatic telephone dialing system ("ATDS")." 47 U.S.C. § 227(b)(1)(A). An ATDS may be any equipment that can "store or produce telephone numbers to be called, using a random or sequential number generator" and can dial such numbers. 47 U.S.C. § 227(a)(1). The Supreme Court has clarified that a TCPA claim does not lie whenever someone receives an unwanted call from an automated system; liability is triggered only if the automated system "us[es] a random or sequential number generator" to store or produce the phone numbers that are called. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1181 (2021).

Plaintiff has adequately alleged a violation of § 227(b)(1)(A). Plaintiff received multiple calls to his cell phone. Original Compl. 5 ¶¶ 22–37. He did not consent to these calls, and no emergency necessitated the calls. *Id.* at 7 ¶¶ 44, 46. He states that "[e]ach call was sent by an ATDS." *Id.* at 7 ¶ 45.

Further, each call followed a familiar script. When Plaintiff answered, he was met with silence for several seconds before the system connected him with a live agent. This reasonably suggests that Defendant placed the call using an automated system. Each time, the live agent asked to speak with "Armando." To be sure, that each agent asked to speak with "Armando"

9

suggests that Defendant did not use a random number generator to produce its call list. *Cf. Facebook*, 141 S. Ct. at 1169 (finding no TCPA violation where the defendant "sent targeted, individualized texts to numbers linked to specific accounts."). However, it is not unreasonable to infer from the pleadings that Defendant relied on a sequential number generator to place its calls. Indeed, such an inference is appropriately drawn at the pleadings stage, where the Court is required to credit Plaintiff's account, view the facts in the light most favorable to Plaintiff, and draw inferences therefrom under the flexible standard afforded to *pro se* litigants.

        **C.**        **Violation of 47 C.F.R. § 64.1200**

The Court now turns to Plaintiff's second count, wherein he alleges a violation of 47 C.F.R. § 64.1200, an FCC regulation promulgated pursuant to its rulemaking authority under § 227(c). Original Compl. 10 ¶¶ 1–3. Specifically, Plaintiff contends that Defendant violated this regulation because it did not have a "written policy, available upon demand, for maintaining a do-not-call list" and training individuals on implementing a do-not-call list. *Id.* 10 ¶ 2(a) (quoting 47 C.F.R. § 64.1200(d)(l)). Defendant contends that Plaintiff's claim fails as a matter of law because this regulation applies to "residential telephone subscribers" and does not apply to cell phones. Mot. to Dismiss 4 (quoting § 64.1200(d)(l)). The Court agrees with Defendant.

By its plain terms, 47 C.F.R. § 64.1200(d)(l) prohibits telemarketing calls made to "a residential telephone subscriber." 47 C.F.R. § 64.1200(d)(l). Plaintiff alleges that the calls were placed to his cellphone, not a residential line. Within his Response, Plaintiff expands on his allegations regarding Defendant's do-not-call policies but does not address Defendant's argument that the regulation does not apply to cellphones. *See* Resp. 4. Plaintiff does not cite— and the Court is not aware of—any authority that has found § 64.1200(d)(l) applicable to cellphones. Accordingly, the Court finds that this claim fails as a matter of law.

### D. State Law Claims

Finally, Plaintiff alleges that Defendant's conduct violated § 305.053 of the Texas Business and Commerce Code. Original Compl. 11. Under § 305.053, a "person who receives a communication that violates 47 U.S.C Section 227 . . . may bring an action in [Texas] against the person who originates the communication." Tex. Bus. & Com. § 305.053. Defendant concedes the elements of a § 305.053 correspond to the necessary elements for a TCPA claim. Mot. to Dismiss 5. The thrust of Defendant's argument in support of dismissal is that Plaintiff's state TCPA claim must be dismissed because his (federal) TCPA claim should be dismissed. *Id.* As Plaintiff's underlying (federal) TCPA section 227(b) claims are cognizable, Plaintiff's state TCPA claim under § 305.053 are as well. *See*, *e.g.*, *Morris v. Hornet Corp.*, No. 4:17-cv-00350, 2018 U.S. Dist. LEXIS 170945, 2018 WL 4781273, at *6-7 (E.D. Tex. Sept. 14, 2018) ("Plaintiff's TCPA violation claims regarding the first two uninvited calls made by Defendant should not be dismissed. Accordingly, Plaintiff's claim for a violation based on the coextensive Texas statute also should not be dismissed."); *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *20 (E.D. Tex. Apr. 30, 2019). Accordingly, the Court concludes that Plaintiff has stated a claim under § 305.053.

### IV.  CONCLUSION

For the reasons set forth above, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Defendant GreenSky, Inc's "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Motion") (ECF No. 4) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to the claim under 47 C.F.R. § 64.1200, and **DENIED** as to the claims under 47 U.S.C. §°227 and §°305.053 of the Texas Business and Commerce Code.

11

**IT IS FURTHER ORDERED** that Plaintiff Brandon Callier's claim under 47 C.F.R. § 64.1200 is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

**SIGNED this 10th day of May, 2021.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE