UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP20CV0304 |
| | § | |
| **GREENSKY, INC., a Delaware Corporation** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT GREENSKY, LLC'S, IMPROPERLY NAMED AS GREENSKY, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

COMES NOW, Defendant GreenSky, LLC, ("GreenSky"), improperly named as GreenSky, Inc.'s in the above-styled matter and files this Response to Plaintiff's Motion to Compel and Motion for Sanctions. In support thereof, GreenSky would respectfully show the following:

**I.   BACKGROUND**

1.   *Pro se* Plaintiff Brandon Callier filed this suit on December 7, 2020, against GreenSky, Inc., a Delaware Corporation (hereinafter "GreenSky"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; Code of Federal Regulations, 47 CFR §64.1200(d), and the Texas Business and Commerce Code §305.053, and seeking monetary damages and injunctive relief.

2.   On January 21, 2021, GreenSky filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and supplemented its Motion on March 30, 2021.

3.  On February 25, 2021, Plaintiff served GreenSky with his First Request for Production, First Set of Interrogatories and First Request for Admissions. Subsequently, GreenSky timely responded to Plaintiff discovery requests on March 29, 2021.

4.  On May 10, 2021, the Court issued its Memorandum Opinion and Order on GreenSky's Motion to Dismiss and Supplemental Motion to Dismiss in which it granted GreenSky's claims under Code of Federal Regulations, 47 CFR §64.1200(d) but denied the claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Texas Business and Commerce Code, §305.053.

## II. ARGUMENTS AND AUTHORITIES

### A. *Plaintiff's Discovery Request Are Overbroad and/or Irrelevant.*

5.  "A discovery request is overbroad when it encompasses "time periods, products, or activities beyond those at issue in the case" and, therefore, is not reasonably tailored to include only relevant matters." *In re Waste Mgmt. of Texas, Inc.,* 392 S.W.3d 861, 871 (Tex. App. 2013); *See also, In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 180 n. 1 (Tex.1999); *Deere & Co.,* 299 S.W.3d at 820; *In re Graco Children's Prods.,* 210 S.W.3d 598, 600 (Tex.2006).

6.  In accordance with the Court's ruling on May 10, 2021, Request for Production No. 18, which request for production of "the current "Do Not Call Policy" and all prior variations over the covered period" and Plaintiff's Interrogatory No. 7 which asks for information regarding the identity of "all persons who made a requests to stop being contacted by [GreenSky] or complaint about calls from [GreenSky] or any other vendor…"[1] are now moot as this information pertains to 47 C.F.R. §64.1200.

---

[1] *See,* Exhibit 1, Discovery Requests attached to Plaintiff's Motion to Compel filed on April 29, 2021.

7.      Plaintiff's Request for Production No. 1, is overly broad as it seeks production of "outgoing calls made…within the **past four years** to cellular phone to **persons located in the United States**."[2] Plaintiff's request is not reasonably limited to the relevant matters in this case and would require voluminous production of documents that are wholly irrelevant. Additionally, Plaintiff's Complaint alleges four calls from GreenSky to Plaintiff during the month of November 2020, yet he is seeking production of documents for the past four years for all persons located in the United States, which on its face is overly broad and irrelevant.

8.      Plaintiff's Request for Production No. 2, requests production of **"[a]ll documents that identify the dialing capacities of the system(s) used to make the calls responsive to the prior request**. This includes, but is not limited to, manuals, evaluations and internal correspondence regarding the equipment and the entity that manufactures that equipment."[3] In conjunction with the previous request, this request too is overly broad as it seeks information that is not relevant to this action and it not reasonably limited in time period or scope.

9.      Plaintiff's Request for Production No. 3, requests **"[a]ll documents sent to received from FTC, any State Attorney General, or other governmental entity**, relating to allegations of unlawful telemarketing."[4] This production is also overly broad and vague because it is not limited to a specific time period and seeks discovery of documents that are not related to this lawsuit. Moreover, the information requested is easily accessible to Plaintiff via an open records request to any governmental entity.

10.     Plaintiff's Request for Production No. 4, seeks **"[a]ll documents relating to complaints made to Defendant**, relating to telemarketing calls. This Request specifically includes

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

any complaints to you by mail, email or telephone; complaints submitted to any other organization such as the Better Business Bureau…"[5] This production request is overly broad as it is not reasonably limited to complaints relevant to this lawsuit and it is not limited in time period or scope.

11. Plaintiff's Request for Production No. 5, requests "[a]ll contracts with any third parties that were engaged by GreenSky that made telemarketing calls for leads for GreenSky during the past four years."[6] This request is overly broad and irrelevant as it seeks information regarding third parties who are not named in this action and whose contracts with GreenSky will not lead to the discovery of admissible evidence. Moreover, the time period and scope of this request is no reasonably limited considering the time frame for the allegations giving rise to this case.

12. Plaintiff's Request for Production No. 6, requests "[a]ll documents concerning internal investigations conducted by Defendant concerning complaint's alleged violations of the TCPA."[7] This request is overly broad as it is not limited in time frame or scope relevant to the issues presented in this case.

13. Plaintiff's Request for Production No. 7, seeks production of "[a]ll documents referred to in, identified in, or that provide part or all of the basis for your response to any Interrogatory propounded by Plaintiff."[8] As set forth below, Plaintiff's interrogatories are wholly irrelevant and are overly broad, which in turn makes this request overly broad on its face.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

14. Plaintiff's Request for Production No. 8, requests production of "[a]ll documents, records, data, recordings and other materials relating to Plaintiff or his telephone number 915-383-4604."[9] This request is overly broad because it is not limited in a time period related to this case.

15. Plaintiff's Request for Production No. 9, requests **"[a]ll insurance policies that could possibly afford any coverage with respect to the matters complained of in this case** together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto."[10] This request is overly broad and irrelevant because it is not reasonably limited to issues or a time period that is related to this lawsuit. Further, this request is nothing more than a fishing expedition for Plaintiff to acquire sensitive material related to GreenSky's business.

16. Plaintiff's Request for Production No. 10, requests for Greensky to "[p]roduce all **correspondence with any telemarketers, third party solicitors, or any entities t**hat made solicitation calls on behalf of GreenSky during the **past four years**."[11] Similar to the previous requests, this request is overly broad as it seeks information that goes beyond the scope and a reasonable time period for the issues pertaining to this action.

17. Plaintiff's Request for Production No. 11, requests for GreenSky to **"[p]roduce all documents** relating to any audits, investigations or other inquires **regarding any third party** that made calls on behalf of GreenSky during the covered period."[12] As well as, Plaintiff's Request for Production No. 12, which seeks "[**production of] all documents** relating to any training between **any third party telemarketers or lead generation companies or any entities** that made calls on behalf of GreenSky or supplied leads to GreenSky."[13] These requests are overly broad

---

[9] Id.
[10] Id.
[11] Id.
[12] Id.
[13] Id.

and irrelevant as they seek information from third parties who are not named in this lawsuit and information that would not lead to discovery of admissible information

18.  Plaintiff's Request for Production No. 13, requests for GreenSky to "[p]roduce all **scripts made by GreenSky or any third parties** that GreenSky works with on telemarketing campaigns. This request includes all drafts of those scripts."[14] This request is overly broad and irrelevant as it is not limited to a reasonable time frame and it seeks documents from a third party who is not named in this lawsuit and the information requested would not lead to the discovery of admissible evidence.

19.  Plaintiff's Request for Production No. 14, requests for GreenSky to **"[p]roduce all documents reflecting payment exchanged with any third party telemarketers**, lead generation companies, or any entities that made calls on behalf of GreenSky during the past four years."[15] This request is facially overbroad as it seeks payment information to nonparties which are wholly irrelevant to any issues in Plaintiff's case, this request is nothing more than a fishing expedition.

20.  Plaintiff's Request for Production No. 15, requests **"[a]ll documents that identify the source of telephone numbers your company obtained for the purposes of telemarketing**, and all communications with that company."[16] This request is overbroad as it is not limited in time or scope and seeks information which is not relevant to this matter or would lead to discovery of admissible evidence.

21.  Plaintiff's Request for Production No. 16, requests for GreenSky to "[p]roduce copies of all marketing materials, business plans, memoranda, minutes and/or any other documents that reference using telemarketing or automatic dialing system to contact  persons and/or entities

---

[14] *Id.*
[15] *Id.*
[16] *Id.*

to promote your goods or services."[17] This request is overbroad as it is not limited to a time period that is relevant to this action.

22.     Plaintiff's Request for Production No. 17, requests for GreenSky to "[**p**]**roduce any lists, database(s) and/or documents identifying or listing the names, address and email addresses of persons to whom GreenSky, or any third party** it retained, made telemarketing calls to during **the four year period**."[18]  This request is overly broad as it seeks personal information that is not related to any claims or defenses. Additionally, this request seeks information from a third party who is not named in this lawsuit and the time period of documents requested is unreasonable considering the time frame of Plaintiff's allegations.

23.     Plaintiff's Interrogatory No. 1 is facially and substantively overbroad as it seeks information related to Request for Production No. 1 regarding "identifying information for the person [GreenSky was] trying to reach," "identification of the equipment, third party and/or software used to make the call" and the "source(s) where [GreenSky] obtained the telephone number called"[19] for any person GreenSky contacted in the United States for the past four years. As written this interrogatory is overbroad and irrelevant as it requests information that is not pertaining to the case at hand and will not lead to the discovery of admissible evidence.

24.     Plaintiff's Interrogatory No.2 asks GreenSky to "[**i**]**dentify all facts in support to affirmative defenses you have raised**. Including, but not limited to, the sources of any consent you assert you've obtained from Plaintiff to make telemarketing calls to them."[20] This interrogatory is overbroad because Rule 8(b) of the Federal Rules of Civil Procedure states that "a party must…state in short and plain terms its defenses to each claim asserted against it…" which

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

GreenSky has fully complied with. Additionally, this interrogatory seeks information that is equally in the possession, custody or control of Plaintiff.

25. Plaintiff's Interrogatory No. 3 asks GreenSky to **"[i]dentify by name, address, company name, telephone number and all other contact information** in [GreenSky's] possession, custody or control, the individual or entity that physically dialed the calls to the Plaintiff alleged in his Complaint and identify their job responsibilities."[21] This interrogatory is overbroad as it seeks personal information from a non-party to this lawsuit and is not relevant to any claims or defenses to this lawsuit.

26. Plaintiff's Interrogatory No. 4 asks GreenSky to "[i]dentify the person or persons responsible for receiving, maintaining, investigating and responding to complaints submitted to Defendant relating to any investigations related to TCPA violations and identify the individual responsible for initiating disciplinary measures against the responsible party."[22] This interrogatory is overly broad as it is not limited to a time period which is relevant to the issues in this matter.

27. Plaintiff's Interrogatory No. 5 asks GreenSky to "[i]dentify the person or persons responsible for training Defendant's employees, and any individual or entity they retain for using a dialer to send telephone calls as well as in regard to compliance with telemarketing laws."[23] This interrogatory is overly broad as it is not limited to a time period which is relevant to the issues in this matter.

28. Plaintiff's Interrogatory No. 8 asks GreenSky to **"[i]dentify each lawsuit in which Defendant or any affiliates, subsidiaries, successors, or predecessors was named party at any time in the last ten years** in which plaintiff's claims arose under the [TCPA]…"[24] This

---

[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*

Interrogatory is overly broad as it seeks information from entities that are not a party to this lawsuit and information that will not likely lead to admissible discovery. Further, Plaintiff requests this information for the period of ten years which is not reasonable in time or scope considering all of his allegations arise from events that occurred in November 2020.

29. Plaintiff's Interrogatory No. 9 asks GreenSky to **"[i]dentify in detail all interactions** that any employee of Defendant, or any third party it retained, **has had with the Plaintiff**."[25] This interrogatory is vague, overly broad and harassing considering the best source for this information requested would be Plaintiff himself.

30. Based on the foregoing reasons, Plaintiff's Motion to Compel and Motion for Sanctions should be denied as his discovery requests are overbroad and/or irrelevant to the issues in this case.

WHEREFORE, Defendant GreenSky, LLC respectfully requests that this Court to deny Plaintiff's Motion to Compel and Motions for Sanctions in this case and for any other relief the Court deems just and proper.

Respectfully submitted,

**MACDONALD DEVIN MADDEN KENEFICK & HARRIS, PC**

By:  /s/ *Sean W. Fleming*
**Sean W. Fleming**
State Bar No. 24027250
sfleming@macdonalddevin.com

3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014

---

[25] *Id.*

(214) 744-3300 (Telephone)
(214) 747-0942 (Facsimile)

**ATTORNEY FOR DEFENDANT
GREENSKY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with the Federal Rules of Civil Procedure, on this 18th day of May, 2021.

*/s/ Sean W. Fleming*
**SEAN W. FLEMING**